**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ZHOU YING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1778-R** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Zhou Ying, a non-citizen proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to her.

## I. Factual and Procedural Background

On July 13, 2026, Petitioner filed the instant Petition challenging her ongoing immigration detention. (Doc. 1). Petitioner was granted voluntary departure by an immigration judge on August 26, 2026. (Doc. 15, at Ex. 1). Petitioner departed from the

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

United States on September 21, 2026. (*Id.*) Respondents submit that the Petition is now moot. (Doc. 15, at 1).

**II. Analysis**

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So, a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

The case here is moot because Petitioner has departed the United States and is no longer in ICE custody. "Once Respondents released [her] from their custody, [s]he no longer had a redressable injury arising from his detention." *Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *3 (W.D. Okla. Mar. 30, 2026). Thus, this action should be dismissed as moot. *See, e.g., Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

**III. Recommendation and Notice of Right to Object**

For the reasons discussed above, the undersigned recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE